UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA                      :

     -v.-                                  :    **INDICTMENT**

ALLEN PLOWDEN,                                :    **07 CRIM. 669**
    a/k/a "Jay,"

                              :

           Defendant.                    :

- - - - - - - - - - - - - - - - - -x

## COUNT ONE

    The Grand Jury charges:

    1.  From in or about March 2006, through in or about August 2006, in the Southern District of New York and elsewhere, ALLEN PLOWDEN, a/k/a "Jay," the defendant, and others known and unknown, unlawfully, willfully, and knowingly, did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, to violate Sections 1343 and 1344 of Title 18, United States Code.

    2.  It was a part and an object of the conspiracy that ALLEN PLOWDEN, a/k/a "Jay," the defendant, and others known and unknown, unlawfully, willfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, would and did transmit

-1-

and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

3.    It was further a part and object of the conspiracy that ALLEN PLOWDEN, a/k/a "Jay," the defendant, and others known and unknown, unlawfully, willfully, and knowingly would and did execute, and attempt to execute, a scheme and artifice to defraud financial institutions, the deposits of which were insured by the FDIC, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of such financial institutions, by means and false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344.

OVERT ACTS

4.    In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York, and elsewhere:

a.    In or about April 2006, ALLEN PLOWDEN, a/k/a "Jay," the defendant, participated in fraudulently applying for a loan in the amount of $300,000 from NovaStar Mortgage, Inc. in

Kansas City, MO ("Novastar"), the proceeds of which were not used for their intended purpose;

b.    In or about August 2006, ALLEN PLOWDEN, a/k/a "Jay," the defendant, participated in fraudulently applying for a loan in the amount of $1,426,769.62 from Countrywide Financial in California ("Countrywide"), the proceeds of which were not used for their intended purpose;

c.    On or about April 9, 2006, a coconspirator, not charged herein, withdrew the proceeds of fraudulently obtained loans from an Automatic Teller Machine ("ATM") located in New York, New York, making use of an interstate wire communication;

d.    On or about April 10, 2006, a coconspirator, not charged herein, withdrew the proceeds of fraudulently obtained loans from an ATM located in New York, New York, making use of an interstate wire communication;

e.    On or about April 11, 2006, a coconspirator, not charged herein, withdrew the proceeds of fraudulently obtained loans from an ATM located in New York, New York, making use of an interstate wire communication;

f.    On or about April 12, 2006, a coconspirator, not charged herein, withdrew the proceeds of fraudulently

obtained loans from an ATM located in New York, New York, making use of an interstate wire communication;

g.    On or about August 19, 2006, a coconspirator, not charged herein, withdrew the proceeds of fraudulently obtained loans from an ATM located in New York, New York, making use of an interstate wire communication; and

h.    On or about August 24, 2006, a coconspirator, not charged herein, withdrew the proceeds of fraudulently obtained loans from an ATM located in Manhattan, New York, making use of an interstate wire communication.

(Title 18, United States Code, Sections 1349.)

## COUNT TWO

The Grand Jury further charges:

5.    The allegations of paragraph 4 are repeated and realleged as though fully set forth herein.

6.    From in or about March 2006, up to and including in or about September 2006, in the Southern District of New York and elsewhere, ALLEN PLOWDEN, a/k/a "Jay," the defendant, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other, to commit offenses against the United States, to wit, to violate Title 18, United States Code, Section 1956.

7.    It was a part and an object of the conspiracy that
ALLEN PLOWDEN, a/k/a "Jay," the defendant, and others known and
unknown, in an offense involving and affecting interstate and
foreign commerce, knowing that the property involved certain
financial transactions, to wit, the transfer of hundreds of
thousands of dollars in cash, represented the proceeds of some
form of unlawful activity, unlawfully, willfully, and knowingly
did conduct and attempt to conduct such financial transactions
which in fact involved the proceeds of specified unlawful
activity, to wit, wire fraud and bank fraud, knowing that the
transactions were designed in whole and in part to conceal and
disguise the nature, the location, the source, the ownership and
the control of the proceeds of specified unlawful activity, in
violation of Title 18, United States Code, Section
1956(a)(1)(B)(i).

OVERT ACTS

8.    In furtherance of the conspiracy and to effect the
illegal object thereof, the following overt act, among others,
was committed in the Southern District of New York, and
elsewhere:

a.    On or about August 16, 2006, ALLEN PLOWDEN,
a/k/a "Jay," the defendant, and a coconspirator, not named herein
met ("Coconspirator-1"), in New York, New York, an undercover

-5-

agent ("UC") of the Federal Bureau of Investigation ("FBI") about

a scheme to launder approximately $1.4 million; and

   b.   On or about August 16, 2006, ALLEN PLOWDEN,

a/k/a "Jay," the defendant, talked via telephone with the UC of

FBI about setting up a bank account to launder approximately $1.4

million.

   (Title 18, United States Code, Sections 1956(h).)


## COUNT THREE

   The Grand Jury further charges:

   9.   The allegations of paragraph 4 and 6 are repeated

and realleged as though fully set forth herein.

   10.   From in or about March 2006, through in or about

September 2006, in the Southern District of New York and

elsewhere, ALLEN PLOWDEN, a/k/a "Jay," the defendant, unlawfully,

willfully, and knowingly did transfer, possess, and use, without

lawful authority, a means of identification of other persons,

during and in relation to a felony enumerated in Sections

1028A(c), a means of identification other persons, to wit, the

names, social security numbers, and birth dates of other persons

to obtain a mortgages from NovaStar, in the amount of

approximately $300,000, and Countrywide, in the amount of

approximately $1,426,769.62.

   (Title 18, United States Code, Sections 1028, 1028A, & 2.)

## COUNT FOUR

The Grand Jury further charges:

11.    The allegations of paragraph 4, 6, and 10 are repeated and realleged as though fully set forth herein.

12.    From in or about March 2006, through in or about September 2006, in the Southern District of New York and elsewhere, ALLEN PLOWDEN, a/k/a "Jay," the defendant, and others known and unknown, unlawfully, willfully, and knowingly, did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, to violate Section 1028A and 2 of Title 18, United States Code.

13.    It was a part and object of the conspiracy that ALLEN PLOWDEN, a/k/a "Jay," the defendant, and others known and unknown, did transfer, possess, and use, without lawful authority, a means of identification of other persons, during and in relation to a felony enumerated in Sections 1028A(c), in violation of Title 18, United States Code, Sections 1028A and 2.

## OVERT ACTS

14.    In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York, and elsewhere:

a.    In or about April 2006, ALLEN PLOWDEN, a/k/a "Jay," the defendant used, among other things, the name, social

-7-

security number, and birth date of another person to obtain a

mortgage from NovaStar in Missouri;

        b.    In or about August 2006, ALLEN PLOWDEN, a/k/a

"Jay," the defendant, used, among other things, the name, social

security number, and birth date of another person to obtain a

mortgage from Countrywide in California; and

        c.    On or about September 26, 2006, ALLEN PLOWDEN,

a/k/a "Jay," the defendant, possessed, among other things, the

identification of another.

        (Title 18, United States Code, Section 371.)


## FORFEITURE ALLEGATION

        15.    As a result of committing one or more of the

foregoing offenses alleged in Counts One through Four of this

Indictment, ALLEN PLOWDEN, a/k/a "Jay," the defendant, shall

forfeit to the United States pursuant to 18 U.S.C. § 982, any

property constituting or derived from proceeds obtained directly

or indirectly as a result of their crimes.

        16.    The interests of ALLEN PLOWDEN, a/k/a "Jay," the

defendant, subject to forfeiture pursuant to Title 18, United

States Code, Section 982, include but are not limited to a sum of

money equal to at least $1,726,769.62 in United States currency,

representing the amount of proceeds obtained as a result of the

offenses charged in Counts One through Four.

## Substitute Asset Provision

17.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third person;

c.   has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States, pursuant to 18 U.S.C. § 982, to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Section 982(a)(1) & (a)(2)(B).)


_____
FOREPERSON

_Michael J. Garcia_
MICHAEL J. GARCIA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

ALLEN PLOWDEN,
a/k/a "Jay,"

Defendant.

INDICTMENT

(18 U.S.C. §§ 371, 1349, 1956(h),
982(a)(1) & (a)(2)(B).)

MICHAEL J. GARCIA
United States Attorney.

A TRUE BILL

_____
Foreperson.

7/23/07 *Fld Ind But 1-1-07 This case
Assigned to Judge Marrero for All
purposes.

May Judge Delarge